Weaver, J.
(concurring). I concur with the majority, but write separately to make clear that, at this time, the purchase money mortgage doctrine remains a part of Michigan jurisprudence.[1] This point must be emphasized to provide clarity and stability in the law because the current state of the law has been ques *619 tioned following this Court’s decision to vacate its opinion per curiam in this matter.
In this case, this Court should not have overturned the purchase money mortgage doctrine in an opinion per curiam, without granting leave to appeal and having oral argument. Had we granted leave to appeal and heard oral argument, we doubtless would have discovered that the purchase money mortgage doctrine was not at issue in this case (as we discovered when we vacated our prior opinion per curiam, granted leave to appeal, and heard oral argument). That would have prevented the current situation, where the Court’s actions have caused confusion and instability in the law where there was none.
To date two cases have referenced the uncertainty in the law after this Court’s earlier actions—an unpublished opinion per curiam from the Court of Appeals, DeGregorio v C & C Constr, Docket No. 238429, decided May 20, 2003, and a case in the Eastern District of Michigan, Bednarowski v Wallace, 293 F Supp 2d 728 (ED Mich, 2003). See also Michigan Land Title Association newsletter, Dick, Abstractions, The Title Examiner, (Winter 2002) (“And, as if we needed more confusion, the Michigan Supreme Court reversed the Graves decision and, in the process, dismantled the priority of pinchase money mortgages over prior existing liens; (thank you, very much!) . . . .”).
While it may be obvious to some, it is important to clearly state that because this Court has vacated its prior opinion per curiam, its overturning of the purchase money mortgage doctrine in that vacated opinion has no effect or precedential value. Conse *620 quently, the purchase money mortgage doctrine remains intact in Michigan jurisprudence.
By issuing this concurrence, I am indicating no inclination one way or another concerning the continuation or abandonment of the purchase money mortgage doctrine. Should the issue be raised in an application for leave to appeal in the future, I will decide then whether or not to take the issue up for consideration and decision.

 My concurrence is based on the unremarkable proposition that a vacated opinion has no effect or precedential value. It is uncertain whether the majority disagrees with that principle, disagrees with the application of that principle to this case, or simply does not want that principle and its application to be clearly set out in this case.